## BELL v. PLETSCHER.

(City Court of New York, General Term. July 11, 1900.)

DRAFT—RECEIVING AND RETAINING—ACCEPTANCE—LIABILITY.

Where defendant received and retained a draft drawn on him in favor of plaintiff, saying that he would attend to it, he became liable to plaintiff for the amount of the draft.

*Appeal from trial term.*

Action by John J. Bell against Martin Pletscher. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN and HASCALL, JJ.

J. Homer Hildreth, for appellant.

Earley, Heath & Stewart, for respondent.

CONLAN, J. On or about May 19, 1899, one P. M. Linfante, being indebted to the plaintiff, as it is alleged, made his draft in writing upon the defendant in favor of the plaintiff, and delivered it to the plaintiff, who afterwards caused the same to be presented to the defendant, and the latter retained the draft, saying, as it is alleged, that there were sufficient funds in his hands to pay the same, and that he would attend to it. It is testified, too, that the defendant suggested the insertion also of the name of the original contractor in the draft, and that this was done, and as thus made and delivered the defendant retained the draft. It was thus that the debtor sought to have the funds in the hands of the person who was receiving the benefit of the material furnished, applied to liquidating the indebtedness incurred therefor. The matter was submitted to the jury under a charge of the court as to whether or not there was a delivery and retention of this draft or order, and they determined this question in the affirmative. In Brill v. Tuttle, 81 N. Y. 454, it was held that where, for a valuable consideration received from the payee, an order is drawn upon a third party payable out of a particular fund then due, or to become due, from him to the drawer, the delivery of the order to the payee operates as an assignment pro tanto of the fund. This we think was analogous with the case at bar, and the acceptance by, and retention on the part of, the defendant of the draft, and the promise that he would attend to it, rendered the defendant liable to the plaintiff for the amount for which the draft had been given.

There was no exception by the defendant to the charge of the trial justice, and we must assume, therefore, that he was entirely satisfied with the manner of submission to the jury of the questions upon which it was their province to pass.

We do not find in the record anything calling for our interference with the result of the case at the trial term, and the judgment and order appealed from must therefore be affirmed, with costs.

HASCALL, J., concurs.